OPINION
Defendant-appellant, Gregory Rupp, appeals his conviction in the Butler County Court of Common Pleas for failure to comply with an order or signal of a police officer. We affirm appellant's conviction.
Appellant's conviction stemmed from a "slow speed chase" originating in the City of Oxford and covering approximately six miles. The following facts were testified to at trial. Shortly after 2:00 a.m. on May 14, 2000, Miami University Police Officer Scott Burdick observed a pickup truck driven by appellant traveling west on High Street in Oxford. After noticing that the truck was weaving and that the truck's taillights were not illuminated, Officer Burdick activated the overhead lights on his cruiser and attempted to make a traffic stop.
However, appellant did not stop, but made a right turn onto North Campus Avenue. Officer Burdick activated his audible siren. Appellant still did not stop, and turned left onto Church Street. Appellant's truck was now weaving badly, almost striking parked cars along Church Street. Appellant then turned right onto College Avenue, where he again came close to striking parked cars along the side of the street. Officer Burdick changed the audible sound of his siren several times, but appellant still did not stop. Rather, appellant continued north on College Avenue, running a stop sign at College Avenue and Sycamore Street. Appellant was traveling approximately thirty to thirty-five m.p.h. in a twenty-five m.p.h. zone.
Officer Ben Hool of the Oxford Police Department soon joined the pursuit behind Officer Burdick. Officer Hool activated his cruiser's overhead lights and audible siren. Officer Matt Chadwell, also of the Oxford Police Department, joined the pursuit behind Officer Hool as the vehicles left the City of Oxford. At this point, College Avenue becomes Brown Road. Officer Chadwell activated his cruiser's overhead lights and audible siren. Appellant's truck was still weaving badly, crossing over the yellow center line, as well as traveling into the grass on the right side of the road. Two more cruisers, both from the Oxford Township Police Department, also joined the pursuit on Brown Road, bringing the total number of pursuing law enforcement vehicles to five. Appellant's maximum speed on Brown Road was approximately sixty m.p.h. with the speed limit being fifty m.p.h. The vehicles passed one southbound car on Brown Road, which pulled over to the side of the road. No other traffic was encountered during the chase.
As the vehicles approached the intersection of Brown Road and Doty Road, a Butler County deputy sheriff, who had been radioed, attempted to block appellant from heading further north on Brown Road with his cruiser. As appellant slowed, Officer Burdick pulled to the right of appellant to prevent him from making a right turn onto Doty Road. Appellant then slowed to a speed of about five m.p.h. Meanwhile, Officer Hool attempted to block appellant from turning left onto Doty Road. However, appellant accelerated and was able to maneuver around Officer Hool's cruiser, making a left turn onto Doty Road. Officer Hool then pursued appellant on Doty Road, followed by Officer Chadwell, the two Oxford Township cruisers, the deputy sheriff, and Officer Burdick. Appellant was traveling about thirty-five m.p.h. on Doty Road.
Appellant continued to weave badly on Doty Road, nearly striking trees, signs, and a fence that runs along the road. Officer Hool then passed appellant and pulled in front of him. Appellant attempted to pass Officer Hool, but Officer Hool was able to block appellant's path. Eventually, appellant stopped. Officer Chadwell pulled his car to the left of appellant's truck, exited his cruiser, and began to approach the truck. Other officers from the pursuing cruisers also began to approach the truck. However, appellant suddenly accelerated, maneuvered around Officer Chadwell's cruiser, and continued west on Doty Road. Officer Hool, who remained in his cruiser, accelerated and stayed in front of appellant. Officer Chadwell and the other officers returned to their cruisers and continued to pursue appellant.
Officers Hool and Chadwell were able to "box in" appellant with their cruisers, and appellant eventually slowed and stopped. Officer Chadwell pulled to the left of appellant's truck, but remained in his cruiser. Appellant soon accelerated again, maneuvered around Officer Chadwell's cruiser, and continued west on Doty Road. In the process, he struck Officer Chadwell's car on the front passenger side. Officer Hool accelerated and stayed in front of appellant. Soon appellant struck the rear of Officer Hool's cruiser. Officer Chadwell then pinned appellant's truck to Officer Hool's cruiser with his own cruiser, effectively ending the "slow speed chase."
The officers approached appellant's truck with their guns drawn, yelling at appellant to exit the truck with his hands in the air. Appellant did not react to the officers at all, but stared straight ahead with both hands on the wheel. When Officer Hool opened the unlocked truck door, appellant fell out of the truck, knocking both himself and Officer Hool into a ditch. Appellant smelled of alcohol, and had urinated and defecated on himself. The officers were able to handcuff appellant, who was later transported to the hospital. A blood alcohol test was eventually performed on appellant, revealing a blood alcohol content of .348 grams per one hundred milliliters of blood. Some of the officers testified at trial that this was the highest blood alcohol content reading they had ever seen.
Appellant was indicted on two counts of vandalism in violation of R.C.2909.05(B)(2), two counts of driving under the influence in violation of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(2), and one count of failure to comply with an order or signal of a police officer in violation of R.C.2921.331(B).
A jury trial was held on February 27, 2001 and March 1, 2001. The state presented the testimony of Officers Burdick, Hool, and Chadwell, who testified to the details of their pursuit of appellant.
The defense presented the testimony of Dr. Harry Plotnick, who testified that a person with a blood alcohol level of .348 would not have voluntary control over his mental processes. However, on cross-examination, Dr. Plotnick admitted that appellant must have had some voluntary control over his mental processes in order to drive. Ron Danforth, a friend of appellant's, testified that he and appellant were buying each other shots of "Wild Turkey" that night at an Oxford bar, and that appellant was extremely drunk when he left the bar. The defendant took the stand and testified that the last thing he remembered of that night was buying a shot of "Wild Turkey" for Mr. Danforth at the bar.
The jury found defendant not guilty of the two counts of vandalism, but guilty of the two counts of driving under the influence of alcohol, and the one count of failure to comply with an order or signal of a police officer. The trial court imposed a prison sentence of one year for failure to comply, and six months for driving under the influence, the sentences to be served concurrently.
Appellant now appeals, raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT-DEFENDANT BY RAISING THE LEVEL OF COUNT THREE OF THE INDICTMENT FROM THAT OF A FAILURE TO COMPLY WITH AN ORDER OR SIGNAL OF A POLICE OFFICER IN VIOLATION OF SEC. 2921.331(B) FROM A FELONY OF THE FOURTH DEGREE TO A FELONY OF A THIRD DEGREE AND SUBSTANTIVELY CHANGED THE ELEMENTS OF THE OFFENSE CHARGED IN THE INDICTMENT.
In his first assignment of error, appellant argues that the trial court erred by amending Count 3 of the indictment involving the failure to comply offense. Appellant contends that the amendment "changed the identity and character of the indictment" in violation of Crim.R. 7 because it raised the level of the offense from a fourth degree felony to a third degree felony.
Count 3 of the indictment stated:
 On or about the 14th day of May, 2000, at Butler County, Ohio, Gregory C. Rupp, did operate a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop, and further, in committing the offense the defendant was fleeing immediately after the commission of a felony, and further the operation of the motor vehicle by the defendant caused a substantial risk of serious physical harm to persons or property, which offense is a felony of the fourth degree, in violation of the Ohio Revised Code, Title FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER, Section 2921.331(B), and against the peace and dignity of the State of Ohio.
R.C. 2921.331 states:
(A) * * *
 (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 (C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
(2) * * *
 (3) Except as provided in divisions (C)(4) and (5) of this section, a violation of division (B) of this section is a misdemeanor of the first degree.
 (4) Except as provided in division (C)(5) of this section, a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds by proof beyond a reasonable doubt that, in committing the offense, the offender was fleeing immediately after the commission of a felony.
 (5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
(i) * * *
 (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
Thus, Count 3 of the indictment contained language of both the fourth degree felony offense and the third degree felony offense, of which appellant was ultimately convicted. The indictment stated that the offense was a "felony of the fourth degree."
At the close of the state's case, appellant made a motion for judgment of acquittal as to Count 3 of the indictment pursuant to Crim.R. 29. Appellant contended that the state's evidence did not prove he was "fleeing immediately after the commission of a felony," as is necessary for a fourth degree felony failure to comply conviction. The trial court agreed and granted appellant's motion with regard to the fourth degree felony offense. However, the trial court stated that it would still charge the jury on the third degree felony offense because the language of that offense was clearly set forth in the indictment.
Crim.R. 7(D) states:
 The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made[.] * * *
Thus, the trial court could amend the indictment so long as the amendment did not change "the name or identity of the crime charged." Crim.R. 7(D); State v. O'Brien (1987), 30 Ohio St.3d 122, 125-26.
We find that the trial court properly amended the charge in accordance with Crim.R. 7(D). In amending the indictment, the trial court did not change "the name or identity of the crime charged," as appellant claims, nor was appellant misled or prejudiced in any way by the amendment. The crime with which appellant was charged was still "failure to comply with an order or signal of a police officer" in violation of R.C. 2921.331(B). Additionally, though the original indictment identified the crime as a fourth degree felony, the third degree felony language was present in the indictment. The amendment added no new language to the indictment, nor did it add any additional elements that the state was required to prove. Thus, the amendment did not change the name or the identity of the crime charged.
Furthermore, appellant has failed to show that he was prejudiced or misled by the amendment. The original indictment informed appellant of all the alleged facts and all the elements of the offense charged. The lack of the words, "third degree felony" in the indictment could not have conceivably hindered appellant's defense. Appellant clearly received adequate notice of the offense and an opportunity to defend himself against the charges. See State v. Sellards (1985), 17 Ohio St.3d 169,170. Thus, we find that the trial court's amendment of the indictment did not change the "name or identity" of the charge, nor was appellant misled or prejudiced by the amendment. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO INSTRUCT THE JURY AS TO RECKLESS OPERATION IN VIOLATION OF O.R.C. 4511.20 AS A LESSER-INCLUDED OFFENSE OF FAILURE TO COMPLY IN VIOLATION OF O.R.C. 2921.331(B).
Under this assignment of error, appellant argues that "reckless operation" in violation of R.C. 4511.20 is a lesser included offense of failure to comply with an order or signal of a police officer. Consequently, appellant contends, the trial court erred by not instructing the jury on "reckless operation."
An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Barnes (2002), 94 Ohio St.3d 21, 25-26, citing State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
Appellant's argument fails on the second prong of this test, which involves a determination of whether one offense, as statutorily defined, is always and necessarily included within the second offense. State v.Thomas (1988), 40 Ohio St.3d 213, 215.
The crime of "willful and wanton disregard of safety on highways," which appellant refers to as "reckless operation," is not always and necessarily included within third degree felony "failure to comply." R.C. 4511.20 requires the state to prove operation of a motor vehicle with "willful or wanton disregard for the safety of persons or property." R.C. 2921.331(B) states that "no person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal" to stop. A third degree felony conviction under R.C.2921.331(B) requires proof that the defendant operated a motor vehicle so as to cause a "substantial risk of serious physical harm to persons or property," regardless of the defendant's mental state with respect to persons or property.
Conceivably, a defendant could willfully fail to comply with a police officer's signal, and, without acting with "willful or wanton disregard of the safety of persons or property," cause "a substantial risk of serious physical harm to persons or property." Thus, it is possible to commit the third degree felony offense under R.C. 2921.331(B), without violating R.C. 4511.20.
Accordingly, "reckless operation" is not a lesser included offense of "failure to comply," and the trial court did not err in failing to instruct the jury on "reckless operation." Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE CONVICTION OF FAILURE TO COMPLY IN VIOLATION OF O.R.C. 2921.331(B) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THERE WAS UNREBUTTED SCIENTIFIC TESTIMONY OF A TOXICOLOGIST THAT DEFENDANT APPELLANT HAD NO VOLUNTARY CONTROL OF HIS MENTAL PROCESSES.
Under this assignment of error, appellant argues that his failure to comply conviction was against the manifest weight of the evidence. Appellant contends that he could not have "willfully eluded" a police officer due to his extreme state of intoxication.
In order for an appellate court to reverse a trial court's judgment on the basis that a verdict was against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins
(1997), 78 Ohio St.3d 380, 389. Specifically, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, 175. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In Ohio, prior to October 2000, evidence of voluntary intoxication was available as an affirmative defense in instances where a defendant was charged with a specific intent crime and could demonstrate that he was "so intoxicated as to be mentally unable to intend anything." State v.Otte (1996), 74 Ohio St.3d 555, 564. However, pursuant to R.C.2901.21(C), as amended effective October 27, 2000, "voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." Accordingly, the defense of voluntary intoxication is no longer applicable. Appellant's contention that his conviction is against the manifest weight of the evidence because he was unable to form the requisite intent due to his voluntary intoxication is without merit. SeeState v. Stockhoff (Mar. 25, 2002), Butler App. No. CA2001-07-179, unreported, at 4.
Based on the totality of the record, the jury did not lose its way in finding that appellant "willfully eluded" a signal or order of a police officer, and that appellant's operation of his vehicle caused a substantial risk of serious physical harm to persons or property. Appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.